## JAMES E. STOCK *vs.* HARRIET E. WOOD.

Suffolk.   January 18. — 21, 1884.   C. ALLEN & HOLMES, JJ., absent.

A boy, four years old, accompanied by his two sisters, one five years old and the other eleven years old, left his home for the purpose of going to a shop to do an errand. The elder sister went into the shop, which was on a public street, leaving the boy and the younger sister on the sidewalk of the street. While in the shop, she was informed by her younger sister that the boy had been run over and injured by a horse and buggy; and, on coming out, she found him sitting on the curbstone of the sidewalk on the opposite side of the street, in an injured condition. The driver of the horse and buggy admitted that he ran over the boy. *Held,* in an action for the injury, that there was no evidence of due care by the plaintiff, or of negligence by the defendant.

TORT for personal injuries occasioned to the plaintiff by being run over on Adams Street, in the Dorchester district of Boston, by a horse and buggy driven by the defendant. The answer contained a general denial, and set up the negligence of the plaintiff and of those having him in charge. Trial in the Superior Court, before *Knowlton,* J., who allowed a bill of exceptions, in substance as follows:

The plaintiff, who, at the time of the accident, was four years and one month old, offered evidence tending to show that he left his house in Dorchester on October 22, 1881, accompanied by one sister who was five years and nine months old, and by another sister eleven years and five months old, for the purpose of going to some shops to do some errands; that, after arriving at Adams Street, the elder sister went first into a grocery and bought some parcels, leaving the plaintiff and her younger sister upon the sidewalk; that, on coming out, she gave these parcels to the younger sister to take care of, and then went into another shop on the same side of the street, and near by, to purchase something, leaving the plaintiff and her sister outside on the sidewalk, coming along the street, the brother in charge of the sister; that the elder sister did not notice the position of her brother when she went into the shop, except as stated above; that while in the last-named shop she was told of the accident by her younger sister, and, on coming out, discovered her brother sitting upon the curbstone of the sidewalk injured and bleeding.

A steam railroad track crosses Adams Street near the place of the accident, and the shop into which the elder sister last went was on one side of the railroad track, and the plaintiff was, on his sister's coming out of the shop, sitting on the curbstone of the sidewalk on the other side of the railroad. The horse and buggy had passed over the track, so that the plaintiff, when found by his sister, immediately after the accident, was on one side of the track, and the buggy on the other, about one hundred feet distant.. The horse and buggy were driven by the defendant, and were close up to the curbstone beyond the track, and had there stopped.

Prior to the time of the accident, the younger sister was in the habit of helping her mother in housework, going errands to shops, and taking charge of her brother, and the elder sister performed similar duties. The defendant, after the accident, admitted that she had run over the plaintiff. The plaintiff, by reason of the accident, was severely cut and injured.

The plaintiff and the younger sister did not testify at the trial, nor was there any testimony by any person who saw the accident.

At the conclusion of the plaintiff's testimony, the defendant requested the judge to rule that the plaintiff had not introduced sufficient evidence to warrant the jury in returning a verdict in his favor. The judge so ruled, and ordered a verdict for the defendant; and the plaintiff alleged exceptions.

*W. E. L. Dillaway*, for the plaintiff.

*S. J. Thomas*, for the defendant.

BY THE COURT. There was no evidence at the trial that the plaintiff was in the exercise of due care, or that the defendant was guilty of any negligence which caused the injury to the plaintiff.                              *Exceptions overruled.*